UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-14003-CR-MARTINEZ/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TIMOTHY WAYNE CARVER,

    Defendant.
                                    /

**DEFENDANT'S MOTION *IN LIMINE***

    Defendant Timothy Wayne Carver, through counsel, respectfully moves *in limine* to preclude reference at trial to his status as a registered sex offender or the underlying basis for such status and further states:

    1. The government has filed a motion *in limine* seeking to remove from the jury the issue of whether Florida law required the defendant to register as a sex offender, contending that such status is a question of law. Because sex offender status carries with it a stigma that will unduly prejudice the defendant in the resolution of the remaining elements of the offense, advising the jury of such status or the basis for it would unduly prejudice the defendant and have the effect of diminishing the presumption of innocence, denying him due process, and violating Fed. R. Evid. 404(b).

    2. A multi-factor test, derived originally from *United States v Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (*en banc*), is ordinarily applied to determine the admissibility of "bad act" evidence under Fed. R. Evid. 404(b). Before a district court can admit evidence, the prosecution

must convince the court that there was a proper purpose for introducing the evidence, that the defendant actually committed the prior acts, and, most importantly, that the probative value of introducing the evidence outweighs any prejudicial effect the evidence might have. *United States v. Simon*, 839 F.2d 1461, 1471 (11th Cir. 1988). In applying this test, it is, of course, the government, as the proponent of the evidence, which bears the burden of establishing each factor. *Id.* As the Supreme Court made clear in *Huddleston v. United States*, 485 U.S. 681, 688 (1988), evidence otherwise admissible under Rule 404(b) should be excluded where "considerations set forth in [Fed. R. Evid.] 403, i.e., prejudice, confusion or waste of time," exist. Here, all of the considerations of Rule 403 militate against admitting the evidence. *See United States v. Colon*, 880 F.2d 650, 656 (2d Cir. 1989) ("In determining whether to allow admission of such evidence, district courts must exercise great care to ensure that juries are not permitted to conclude that because a defendant has committed a similar crime before, he or she therefore has a criminal propensity sufficient to justify conviction in the case at hand.").

3. No evidence could be more unfairly prejudicial to a defendant than branding him a sex offender, and particularly doing so, as the government suggests, by means of a directed judgment of the Court. The status issue is instead one that is best dealt with separately from the jury's finding as to the underlying commission of a federal offense. *See Old Chief v. United States*, 519 U.S. 172, 190-92 (1997); *United States v. Baker*, 850 F.2d 1365 (9th Cir. 1988) (granting motion to bifurcate where defendant's career criminal status was element). The words of the court in *United States v. Utter*, 97 F.3d 509 (11th Cir. 1996), are apposite: "Although Rule 403 is an 'extraordinary remedy,' . . . its major function of 'excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect,' . . . . is required here." *Id.* at 514-15 (quoting *United*

*States v. Veltmann*, 6 F.3d 1483, 1500 (11th Cir. 1993); *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979)).

4.  The Eleventh Circuit reaffirmed this bedrock principle in *United States v. Chavez*, 204 F.3d 1305 (11th Cir. 2000). In *Chavez*, the government charged the defendant with physically assaulting his wife on federal property. The government introduced evidence at trial that the defendant had physically abused his wife on two previous occasions. *See id.* at 1317. The Court held that the evidence was not relevant to any issue in the trial:

> This evidence, admitted over Chavez's objection, is not calculated to establish "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident." Fed. R. Evid. 404(b). The evidence bore no relationship to any of the issues at trial nor to Chavez's defense . . . . Based on our careful review of the record, we conclude that the evidence of Chavez's prior assaults on his wife was offered to demonstrate bad character and should, therefore, have not been admitted.

*Id.* at 1317.  Likewise, the proffered extrinsic act evidence in this case will have the principal effect of convincing the jury of the defendant's bad character.  *See also United States v. Mills*, 138 F.3d 928 (11th Cir. 1998) (court erred by admitting evidence in Medicare fraud trial that defendant had once made false Customs Declaration); *Utter*, 97 F.3d at 513–14 ("[T]he government argues that the evidence is relevant because it 'demonstrates how the defendant reacts to financial stress.' This is precisely the type of character and propensity evidence prohibited by Rule 404(b)."); *United States v. Marshall*, 173 F.3d 1312 (11th Cir. 1999) (reversing conviction for possession of narcotics with intent to distribute where government introduced evidence that defendants had previously been arrested at a crack house and lied about their identities).

5.  The unfair prejudice found to necessitate reversal of convictions in *Utter*, *Marshall*, and similar cases pales in comparison to the sex offender evidence here.  Particularly because sex

offender evidence encompasses both criminality and character in its stigmatizing effect, its admission should be excluded under Fed. R. Evid. 404(b) or the pertinent issues bifurcated so as not to unfairly prejudice the defendant and in order to assure a fair trial within the meaning of the Due Process Clause.  *See United States v. Boyd*, 446 F.2d 1267, 1273 (5th Cir. 1971) (reversing conviction based on use of other crime evidence; expressing concern that defendant not face prejudice from evidence having effect of "'Give a dog an ill name and hang him'") (quoting *Olinger v. Commissioner of Internal Revenue*, 234 F.2d 823, 824 (5th Cir. 1956)).

## CONCLUSION

For all of these reasons, Defendant Timothy Carver requests that the Court grant his motion *in limine*.

Respectfully submitted,

/s/  Richard C. Klugh
Richard C. Klugh, Esq.
Fla. Bar No. 305294
Counsel for Timothy Carver
25 S.E. 2nd Avenue, Suite 1105
Miami, Florida 33131-1605
Tel. (305) 536-1191 Fax (305) 536-2170
E-Mail  rickklu@aol.com

## CERTIFICATE OF SERVICE

I HEREBY certify that on February 9, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the document is being served this day via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/  Richard C. Klugh
Richard C. Klugh, Esq.